**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DON K. WONG,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF COMMERCE,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-0752-17-0298-I-2<br><br><br>DATE:  December 8, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin L. Owen, Esquire, and Renn Fowler, Esquire, Silver Spring,
　　Maryland, for the appellant.

Tracy Gonos, Esquire, and Josh Hildreth, Esquire, Alexandria, Virginia, for
　　the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained his reduction in grade and pay for misconduct.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was a GS-15 Supervisory Patent Examiner for the agency's U.S. Patent and Trademark Office. *Wong v. Department of Commerce*, MSPB Docket No. DC-0752-17-0298-I-1, Initial Appeal File (IAF), Tab 6 at 322. On September 1, 2016, the agency proposed the appellant's reduction in grade and pay to GS-14 Patent Examiner, along with a 60-day suspension, based on a single charge of Improper Conduct supported by 29 attendance-related specifications. *Id*. at 189-92. Under 14 of the specifications, the agency alleged that the appellant was absent without leave (AWOL) for 8 hours on each of 14 days between October 19, 2015, and May 3, 2016, because he failed to report to his duty station as scheduled and failed to request leave. *Id*. Under 14 other specifications, the agency again alleged that the appellant failed to request leave on these dates. *Id*. The remaining specification pertains to the appellant's claiming pay for 8 hours of work on a day when he could only have claimed 5 hours under the agency's Increased Flexitime policy. *Id*. at 191. After the appellant replied to the notice, the deciding official issued a decision upholding

all but four of the specifications and mitigating the proposed penalty to a reduction in grade and pay only, without a suspension. *Id*. at 29-33.

¶3    The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2, 4. He disputed both the charges and the penalty. *Wong v. Department of Commerce*, MSPB Docket No. DC-0752-17-0298-I-2, Appeal File (I-2 AF), Tab 6 at 4-8. After a hearing, the administrative judge issued an initial decision sustaining the reduction in grade and pay. I-2 AF, Tab 17, Initial Decision (ID). He merged the specifications alleging AWOL with the corresponding specifications alleging failure to request leave and sustained nine of them. ID at 6-12. He also sustained the specification regarding the appellant's recording 8 hours of telework on a day that he should have only recorded 5 hours. ID at 12-13. The administrative judge further found that the deciding official considered the relevant factors in arriving at a penalty that was within the tolerable limits of reasonableness. ID at 13-17.

¶4    The appellant has filed a petition for review, again disputing the charge and the penalty, as well as some of the administrative judge's evidentiary rulings. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## ANALYSIS

The administrative judge correctly sustained 10 of the agency's specifications.

¶5    Under the agency's Patent Management Telework Program, the appellant was permitted to telework up to 32 hours per biweekly pay period. IAF, Tab 6

---

[2] After the close of the record on review, the appellant moved for leave to file additional evidence pertaining to a comparator employee for purposes of showing a disparity in penalty. PFR File, Tab 11. Although it appears that this evidence may have been previously unavailable despite the appellant's due diligence, there is no indication that either the proposing official or the deciding official was aware of this comparator case during the relevant time period. We therefore find that the appellant has not shown that this evidence would be material to the outcome of the appeal. *See infra* ¶ 13. The appellant's motion is denied.

at 203. He was, however, required to notify the agency in advance of his telework schedule for each pay period. *Id.* at 203-04. In addition, under the agency's Increased Flexitime Program, the appellant was permitted some flexibility in logging the required 80 hours of work for each pay period, but he was required to fulfill this requirement between the hours of 5:30 a.m. and 10:00 p.m., Monday through Saturday. *Id.* at 203. All specifications of the agency's charge were based on the appellant's failure to accomplish his work according to these parameters. *Id.* at 189-92. As explained above, the administrative judge sustained one specification related to the appellant recording too many hours of telework one day, as well as nine specifications of AWOL. We will discuss these in turn.

¶6 Regarding the specification related to recording too may telework hours, the administrative judge found that, on March 21, 2016, the appellant logged onto the agency's system to begin teleworking at 4:56 p.m., and therefore could only have worked approximately 5 hours that day–until the 10:00 p.m. cutoff time. ID at 12. The appellant, however, claimed 3 additional hours of telework that day, for a total of 8 hours. *Id.* The administrative judge sustained this specification, and the appellant does not challenge the administrative judge's finding on review. We therefore find that this specification and the charge as a whole were properly sustained. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990).

¶7 Regarding the nine specifications of AWOL, the administrative judge found that, on nine different days, the appellant recorded 8 hours of regular time onsite work even though he actually teleworked on those days. ID at 8-10. Although it appeared that the appellant may have been eligible to telework on the days in question, he did not inform the agency of his intention to telework in advance, and the agency was therefore expecting him to be onsite. ID at 9. The administrative judge found that the operative fact was the appellant's absence from his worksite on the days in question, and the fact that he may have been

working from another location was immaterial.  ID at 7, 9-10.  He therefore sustained these nine specifications of AWOL.  ID at 7-10.

¶8      On petition for review, the appellant disputes the administrative judge's legal analysis, arguing that what the agency proved were a series of timekeeping errors rather than AWOL.  PFR File, Tab 1 at 13-15.  We disagree.  To prove AWOL, an agency must establish that the appellant was absent and that the absence was not authorized, and if the appellant requested leave, that the leave request was properly denied.  *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 28 (2016).  Although the "absence" element normally takes the form of complete absence from duty, it also may be satisfied by absence from the appropriate duty station.  In *Rodriguez v. Department of Agriculture*, 27 M.S.P.R. 79, 84 (1985), the Board sustained a charge of AWOL when the appellant failed to report to work at his temporary duty station as directed, notwithstanding that he continued to report for duty at his normal duty station.  Likewise, in this case, when the appellant failed to report to work onsite as expected, we find that the administrative judge properly sustained the specifications of AWOL, notwithstanding that the appellant worked from home instead.  Furthermore, we note that the appellant's characterization of this as a timekeeping error stems from him recording his telework as regular time.  This is wholly separate from the issue of AWOL, as the agency would have been able to prove AWOL regardless of how the appellant recorded his time; the crucial fact remains that the appellant was not working from where the agency required him to be.[3]  To the extent that the appellant is arguing that the circumstances of his AWOL are less egregious than the term "AWOL" suggests, PFR File, Tab 1 at 13-15, this consideration goes to the issue of penalty and not to the charge itself.

---

[3] As the administrative judge correctly found, the agency could have, but did not, charge the appellant separately for inaccurate timekeeping.  ID at 11.  Whether the appellant's inaccurate timekeeping was actually an error or was a deliberate attempt to cover up his unauthorized absence from the worksite remains an open question, and one that we decline to reach in the context of this appeal.

<u>The agency's chosen penalty is entitled to deference and falls within the tolerable limits of reasonableness.</u>

¶9 When all of the agency's charges are sustained, but not all of the underlying specifications are sustained, the agency's penalty determination is entitled to deference and is reviewed only to determine whether it is within the parameters of reasonableness. *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). In applying this standard, however, the Board must take into account the agency's failure to sustain all of its supporting specifications. *Id.* at 651. In this case, the administrative judge found that the deciding official conscientiously weighed the appropriate penalty factors and that a reduction in grade and pay was within the tolerable limits of reasonableness for the sustained misconduct. ID at 14-17.

¶10 On petition for review, the appellant argues that the agency's penalty determination is not entitled to deference because the deciding official failed to properly account for the appellant's rehabilitative potential and failed to consider any penalty other than a reduction in grade and pay. PFR File, Tab 1 at 16-19. He points out that he performed successfully in a nonsupervisory GS-15 position during the pendency of the adverse action and argues that a brief suspension coupled with a permanent reassignment to such a position would have been a more appropriate penalty. *Id.* at 20-22. The appellant further argues that there are several documents, including the agency's table of penalties, a vacancy announcement for a nonsupervisory GS-15 attorney position, and a suspension decision for a comparison employee, that counsel for mitigation and that the administrative judge improperly excluded from evidence. *Id.* at 20, 22-31.

¶11 Regarding the appellant's rehabilitative potential, we do not agree that the deciding official failed to consider it in his penalty analysis. The deciding official explained in his decision letter that he found the appellant to have rehabilitative potential but that this was offset by his supervisory status and the severity of his attendance-related misconduct during a period when the agency was attempting to address time and attendance abuse. IAF, Tab 6 at 31-32. We

agree with the appellant that his supervisory status and the agency's efforts to correct time and attendance abuse do not pertain to his rehabilitative potential per se, PFR File, Tab 1 at 18, but our interpretation of these comments is that the deciding official found that the appellant's rehabilitative potential was outweighed by other factors, IAF, Tab 6 at 32; Hearing Compact Disc (HCD) at 32:30, 56:15, 1:05:20 (testimony of the deciding official).

¶12    As for the deciding official's consideration of alternative sanctions, we find as an initial matter that the reduction in grade and pay was itself an alternative sanction to the proposed reduction in grade and pay plus a lengthy suspension. IAF, Tab 6 at 32, 189. We acknowledge that the deciding official did not specifically consider placing the appellant in a nonsupervisory GS-15 position, which appears to have been a viable alternative under the circumstances. HCD at 53:00 (testimony of the deciding official). This reassignment, coupled with a suspension, may have been adequate to deter future misconduct by the appellant, consistent with the agency's general policy of progressive discipline. However, a deciding official's failure to consider alternative sanctions does not vitiate his penalty determination. *See Thias v. Department of the Air Force*, 32 M.S.P.R. 46, 49 (1986). The law requires that an agency show that its chosen penalty promotes the efficiency of the service, but there may be a range of penalties that would be reasonable in a given case. *See* 5 U.S.C. § 7513(a); *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18. A deciding official's choice of one reasonable penalty over another does not by itself provide a basis for mitigation. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981) (stating that the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness). Considering the penalty factors as a whole, particularly the nature and seriousness of the appellant's repeated offenses and their relation to his supervisory attorney position, we agree with the administrative judge that the agency's chosen penalty was reasonable. ID at 14-17.

¶13     As to the administrative judge's exclusion of certain evidence from the record, assuming without deciding that this constituted an abuse of discretion, we find that these documents are immaterial to the outcome of the appeal and that the administrative judge's rulings on them were therefore harmless error at most. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). Regarding the vacancy announcement, the appellant appears to have proffered it to show that a lesser alternative sanction was available for the agency to consider. I-2 AF, Tab 6 at 270-73. As explained above, however, the deciding official's failure to consider this particular alternative provides no basis to disturb his ultimate penalty selection. Regarding the table of penalties, although the deciding official did not consider it in arriving at his decision, HCD at 25:05, 40:20 (testimony of the deciding official), even if we were to consider it now, we would find that a reduction in grade and pay falls within the table's non-binding guidelines for the appellant's nine incidents of AWOL, I-2 AF, Tab 7 at 4, 6. Finally, regarding the proffered comparator evidence, we find no indication that the deciding official was aware of it when he rendered his decision. IAF, Tab 6 at 31; I-2 AF, Tab 7 at 27-32. This significantly limits the probative value of this particular evidence. *See Facer v. Department of the Air Force*, 836 F.2d 535, 539 (1988) (holding that, in assessing an agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently). Given that this is but one among many penalty factors to consider, we find that, even assuming that these employees were similarly situated, this evidence is insufficient to overturn the agency's penalty determination, which was thorough and reasonable as a whole. *Singh*, 2022 MSPR 15, ¶ 18

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.